# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Michael Gilbert Muntzel | ) | |
| | ) | |
| and | ) | Case No. 08-44288-drd13 |
| | ) | |
| Mary Lucille Egidy, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. 17-04050 |
| | ) | |
| Coltate Capital, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT FOR DAMAGES

COMES NOW Defendant Coltate Capital, LLC, by and through its counsel of record and for its responses to the Complaint for Damages, state as follows:

## JURISDICTION AND VENUE

1.    Michael Gilbert Muntzel and Mary Lucille Egidy (hereafter "Plaintiffs") commenced the above-captioned bankruptcy case by filing a petition for bankruptcy relief in the United States Bankruptcy Court for the Western District of Missouri under Chapter 13 of Title 11 of the United States Code on October 13, 2008.

**RESPONSE**: Defendant admits the allegation in paragraph 1 of the Complaint.

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

**RESPONSE**: Paragraph 2 is a legal conclusion to which no response is required.

3.    This is a core proceeding within the meaning of 28 U.S.C. § § 157(b)(2)(A), (B), and (K).

**RESPONSE**: Paragraph 3 is a legal conclusion to which no response is required. Rather than pleading whether a matter is a core proceeding, Fed. R. Bankr. P. 7008 requires the Plaintiffs to state whether they do or do not consent to entry of final orders or judgment by the bankruptcy court. Plaintiffs have failed to do so. For the record, Defendant affirmatively states that it does not consent to entry of final orders or judgment by the bankruptcy court in this matter.

4. This adversary proceeding contains claims that are both statutorily and constitutionally core.

**RESPONSE**: Paragraph 4 is a legal conclusion to which no response is required. Rather than pleading whether a matter is a core proceeding, Fed. R. Bankr. P. 7008 requires the Plaintiffs to state whether they do or do not consent to entry of final orders or judgment by the bankruptcy court. Plaintiffs have failed to do so. For the record, Defendant affirmatively states that it does not consent to entry of final orders or judgment by the bankruptcy court in this matter.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

**RESPONSE**: Paragraph 5 is a legal conclusion to which no response is required.

## PARTIES AND SERVICE

6. Plaintiffs are natural persons who, at all times relevant, reside in the State of Missouri.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 6 and, therefore, denies same.

7. Defendant Coltate Capital, LLC, (hereafter "**Defendant**"), was and is a business entity conducting business in Missouri and may be served through its President and CEO, Gregory Scot Conrady, at 123 Robert South Kerr Ave., Oklahoma, OK 73102, and through its

Oklahoma Registered Agent, Anthony Wildman, at 400 N. Walker Ave., Suite 125, Oklahoma City, OK 63105.

**RESPONSE**: Defendant denies the allegations set forth in paragraph 7.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On February 15, 2003, Plaintiffs entered into a mortgage transaction with Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Advanced Financial Services, Inc. for $31,000.00 secured by a Deed of Trust on the property located at 7809 East 170th St., Belton, MO 64012.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 8 and, therefore, denies same.

9. The Deed of Trust is attached as Exhibit A.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 9 and, therefore, denies same.

10. On or about August 26, 2009, Advanced Financial Services, Inc. changed its name to Embrace Home Loans, Inc.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 10 and, therefore, denies same.

11. Missouri Application of Amended Certification of Authority for Foreign Corporation is attached as Exhibit B.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 11 and, therefore, denies same.

12. At some point, the Promissory Note and Deed of Trust were transferred to Defendant.

**RESPONSE**: Defendant admits the allegation in paragraph 12 of the Complaint.

13. On October 13, 2008, Plaintiffs filed a Chapter 13 Bankruptcy in the Western District of Missouri, Case No. 08-44288-drd13.

**RESPONSE**: Defendant admits the allegation in paragraph 13 of the Complaint.

14. Plaintiffs' Chapter 13 Plan proposed to pay Defendant's secured claim in full.

**RESPONSE**: Defendant admits the allegation in paragraph 14 to the extent it is consistent with Plaintiffs' confirmed Chapter 13 Plan and denies the allegation to the extent it is inconsistent with Plaintiffs' confirmed Chapter 13 Plan.

15. The pertinent pages of Plaintiffs' confirmed Chapter 13 Plan are attached as Exhibit C.

**RESPONSE**: Defendant admits certain pages of the Chapter 13 Plan are attached. However, Defendant asserts that the Chapter 13 Plan must be read in its entirety and denies that only the attached pages in Exhibit C are the pertinent pages to this matter.

16. On November 21, 2008, Onyx Financial Group, LLC ("Onyx"), servicer for Defendant filed a Proof of Claim [#8-1] for a total debt of $26,664.65 to be paid through Plaintiffs' Plan.

**RESPONSE**: Defendant admits the allegation in paragraph 16 of the Complaint.

17. Proof of Claim #8-1 is attached as Exhibit D.

**RESPONSE**: Defendant admits the allegations in paragraph 17 of the Complaint to the extent it is consistent with the referenced Proof of Claim and Defendant denies the allegations in paragraph 17 of the Complaint to the extent they are inconsistent with the referenced Proof of Claim.

18. On or about March 9, 2011, Onyx filed a Notice of Transfer of Claim to Defendant.

**RESPONSE**:  Defendant admits the allegation in paragraph 18 of the Complaint.

19.   Notice of Transfer of Claim is attached as Exhibit E.

**RESPONSE**:  Defendant admits the allegation in paragraph 19 of the Complaint to the extent it is consistent with the actual Notice of Transfer of Claim that was filed and Defendant denies the allegation in paragraph 19 of the Complaint to the extent it is inconsistent with the actual Notice of Transfer of Claim that was filed.

20.   The Chapter Trustee paid Defendant's claim in full at $26,664.65.

**RESPONSE**:  Defendant admits that its Claim has been paid in full.

21.   Chapter 13 Trustee's Final Report is attached as Exhibit F.

**RESPONSE**:  Defendant admits the allegation in paragraph 21 of the Complaint to the extent it is consistent with the actual Trustee's Final Report that was filed and Defendant denies the allegation in paragraph 21 of the Complaint to the extent it is inconsistent with the actual Trustee's Final Report that was filed.

22.   On October 7, 2013, an Order Discharging Debtor was entered in Plaintiffs' Chapter 13 bankruptcy.

**RESPONSE**:  Defendant admits the allegation in paragraph 22 of the Complaint.

23.   Upon successful completion of Plaintiffs' Chapter 13 Plan and the entry of the Discharge Order, Defendant should have released its lien upon the real property, but failed to do so.

**RESPONSE**:  Defendant denies the allegations set forth in paragraph 23.

24.   According to the MERS website, Defendant is the current investor and servicer of Plaintiffs' loan.

**RESPONSE**:  Defendant is without knowledge regarding the allegations set forth in paragraph 24 and, therefore, denies same.

25.     Plaintiffs' first mortgage loan with U.S. Bank matured on April 15, 2017 with a total unpaid principal balance of $95,932.79.

**RESPONSE**:  Defendant is without knowledge regarding the allegations set forth in paragraph 25 and, therefore, denies same.

26.     Plaintiffs' mortgage loan has a 7.66% interest rate with monthly payments of $880.38.

**RESPONSE**:  Defendant is without knowledge regarding the allegations set forth in paragraph 26 and, therefore, denies same.

27.     Plaintiffs' monthly payments were returned by U. S. Bank due to the maturity of the loan.

**RESPONSE**:  Defendant is without knowledge regarding the allegations set forth in paragraph 27 and, therefore, denies same.

28.     In order to avoid foreclosure, Plaintiffs had to refinance the loan.

**RESPONSE**:  Defendant is without knowledge regarding the allegations set forth in paragraph 28 and, therefore, denies same.

29.     Defendants were approved for a refinancing with New American Funding set for closing on March 29, 2017.

**RESPONSE**:  Defendant is without knowledge regarding the allegations set forth in paragraph 29 and, therefore, denies same.

30.     Plaintiffs' new loan with New American Funding had a 3.75% interest rate and monthly payments of $680.00.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 30 and, therefore, denies same.

31. On March 21, 2017, Vantage Point Title pulled the title report for New American Funding, and it discovered the lien with Defendant was still showing.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 31 and, therefore, denies same.

32. Email from Vantage Point is attached as Exhibit G.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 32 and, therefore, denies same.

33. New American Funding then canceled the refinancing.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 33 and, therefore, denies same.

34. Defendants are being charged $20.21 in per diem interest by U.S. Bank until the amount is paid in full.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 34 and, therefore, denies same.

35. Plaintiffs have already been charged $1,515.92 in interest as of the date of this Complaint, and the payoff good through July 3, 2017 is $98,122.01.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 35 and, therefore, denies same.

36. U.S. Bank Payoff Statement is attached as Exhibit H.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 36 and, therefore, denies same.

37. U.S. Bank has commenced foreclosure proceedings.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 37 and, therefore, denies same.

38. Plaintiffs' credit scores have dropped 100 points from 725 to 625 as a result.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 38 and, therefore, denies same.

39. It has been over three years since Defendant's loan has been paid in full, yet it failed to release its lien.

**RESPONSE**: Defendant denies the allegations set forth in paragraph 39.

### CAUSES OF ACTION
### COUNT I – CONTEMPT

40. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

**RESPONSE**: Defendant responses to paragraph 40 of the Complaint by incorporating by reference each and every of its responses to the prior paragraphs in the Complaint.

41. Pursuant to 11 U.S.C. § 105(a), this Court is authorized to take "any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process," including the relief sought by Plaintiffs.

**RESPONSE**: Paragraph 41 is a legal conclusion to which no response is required. It is denied to the extent it contains allegations of fact

42. Defendant's acts are a clear abuse of the bankruptcy process.

**RESPONSE**: Defendant denies the allegations set forth in paragraph 42.

43. A creditor found in contempt for having willfully violated the discharge injunction is subject to an award of actual damages including attorney fees. *In re Perviz*,

302 B.R. 357,370 (Bankr. N.D. Ohio 2003); *In re Goodfellow*, 298 B.R. 358, 361 (Bankr. N.D. Iowa 2003).

**RESPONSE**: Paragraph 43 is a legal conclusion to which no response is required. It is denied to the extent it contains allegations of fact

44. Plaintiffs have incurred actual damages including but not limited to loss of refinancing, additional interest, threat of foreclosure, reduced credit scores, time lost, inconvenience, frustration, attorney fees, and costs.

**RESPONSE**: Defendant is without knowledge regarding the allegations set forth in paragraph 44 and, therefore, denies same.

45. An award of punitive damages is appropriate for a creditor's violation of the discharge injunction where the violation of the injunction was done with either "malevolent intent" or a clear disregard and disrespect of the bankruptcy laws." *In re Poindexter*, 376 B.R. 732 (Bankr. W.D. Mo., 2007).

**RESPONSE**: Paragraph 45 is a legal conclusion to which no response is required. It is denied to the extent it contains allegations of fact

46. Defendant's failure to abide by the rules of the bankruptcy court illustrates a clear disregard and disrespect.

**RESPONSE**: Defendant denies the allegations set forth in paragraph 46.

Wherefore, having fully responded, Defendant requests that this Court enter judgment holding that Plaintiffs are not entitled to any of the relief sought in their Complaint, award Defendant its costs incurred in defending this action, and enter all other relief in favor the Defendant that this Court deems just and equitable.

**<u>AFFIRMATIVE DEFENSES</u>**

As a preliminary matter, Defendant reserve the right to amend its answers above and/or assert any additional affirmative defenses and/or assert any additional counterclaims or third-party claims that currently may exist if and when additional information pertaining to such answers, affirmative defenses, counterclaims and/or third-party claims becomes available. Defendant further gives notice that it intends to rely upon any and all other defenses that may become available or apparent during discovery. Additionally, Defendant asserts the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant's mortgage lien against Plaintiffs' property was released as a matter of law upon complete payment of the note secured thereby.

3. The Plaintiffs' confirmed Plan along with the applicable Court orders confirming and/or modifying it did not affirmatively require Defendant to release the deed of trust filed of record once the mortgage had been paid. Rather, release of the deed of trust filed of record against the real estate was left to the applicable provisions of state law. Pursuant to Mo. Rev. Stat. § 443.130, a mortgagor is required to comply with certain statutory provisions regarding a release of a deed of trust filed of record on real estate before the mortgagor may seek damages against the mortgagee. Those provisions include sending a written demand for release. In this case, prior to filing their action Plaintiffs never made any request upon Defendant to release the deed of trust on record upon the real property in question. Plaintiffs' failure to comply with applicable state law bars them from seeking the relief requested in the Complaint.

4. The first time that Defendant learned that the deed of trust had not been released of record was when it received the summons for the Plaintiffs' Complaint. Thereafter, the

Defendant has voluntarily taken the necessary steps to release the deed of trust of record on the real property. As such, the Plaintiffs have not been harmed and are therefore not entitled to the relief they seek in the Complaint.

5. When the Plaintiffs first learned that Defendant's deed of trust remained on record they should have simply contacted Defendant noting that it had been paid in full and requesting that Defendant release the deed of trust. Had they done so then Defendant would have promptly released the deed of trust (as it has in fact done once it became aware of the situation). Plaintiffs' are directly responsible for and/or have gerrymandered their own alleged damages by failing to act in a reasonable and responsible manner in seeking the release of the deed of trust. Therefore, Plaintiffs' are equitably estopped from the relief they are seeking through their Complaint.

6. The scope of relief requested by Plaintiffs in their Complaint exceeds that which is authorized by 11 U.S.C. § 105. As such, there is no basis to grant the relief that the Plaintiffs are seeking in their Complaint.

## DEFENDANT'S FED. R. BANKR. P. 7012(b) STATEMENT

Pursuant to Fed. R. Bankr. P. 7012(b), Defendant states that it does not consent to entry of final orders or judgment by the bankruptcy court in this matter.

Dated: July 17, 2017

KCP-8271518-2

11

Respectfully submitted,

*/s/ Michael D. Fielding*
Michael D. Fielding, MO 53124
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
michael.fielding@huschblackwell.com

*Attorneys for Coltate Capital, LLC*

### Certificate of Service

I hereby certify that on July 17, 2017, a true and correct copy of the above and foregoing was served by electronically filing with the Court using the CM/ECF system, which sent notification to the Office of the United States Trustee and all parties of interest participating in the CM/ECF system.

*/s/ Michael D. Fielding*
Attorney